SANTOS, PROMOVENTE Y APELANTE, *v.* COLÓN, OPOSITORA Y
APELADA.

APELACIÓN procedente de la Corte de Distrito de Guayama
en pleito sobre una información de dominio.

No. 1983.—Resuelto en julio 31, 1919.

INFORMACIÓN DE DOMINIO—TÍTULO—OPOSICIÓN FUNDADA EN MEJOR TÍTULO—PRUE-
BAS.—Cuando un opositor en una información de dominio funda su oposición
en su carácter de dueño de los bienes, tiene la obligación de demostrar pri-
meramente su título antes de que pueda atacar el del promovente.  Y en

ausencia de prueba de tal mejor título, la sola evidencia de manifestaciones hechas por el esposo de la opositora, negadas por el peticionario, respecto a que éste había admitido en cierta ocasión haber sido dueño de la finca como usufructuario, es demasiado vaga para destruir el título *prima facie* demostrado por el peticionario o sus antecesores, quienes por otra parte habían estado en posesión de la finca en concepto de dueños por más de treinta años.

DESESTIMACIÓN DE LA APELACIÓN—EXPOSICIÓN DEL CASO.—No procede la desestimación de la apelación por el motivo de no haber sido aprobada por el juez la exposición del caso, cuando, si bien el juez no emplea la palabra ''apruebo,'' certifica, sin embargo, que fué el juez que conoció del caso a que se refiere la anterior exposición del caso y pliego de excepciones, y que éstos contienen una copia fiel y exacta de toda la prueba ofrecida por las partes, así como de las excepciones tomadas en la vista y que para ser utilizada en la apelación interpuesta la libraba bajo su firma y sello de la corte.

Los hechos están expresados en la opinión.

Abogados del promovente y apelante: *Sres. M. Guzmán Texidor* y *M. Martínez Dávila.*

Abogados de la opositora y apelada: *Sres. José C. Ramos* y *Luis Muñoz Morales.*

EL JUEZ ASOCIADO SR. WOLF, emitió la opinión del tribunal.

El apelante hizo una petición en la Corte de Distrito de Guayama en la que solicitaba se declarara justificado a su favor el dominio de una finca rústica. No existe cuestión alguna respecto a la suficiencia de la petición, o de los edictos o citación hecha al fiscal del distrito, quien presentó un informe favorable a la petición. Como resultado de la citación Concepción Colón de Morales compareció. Se señaló un día para el juicio al cual solamente compareció el peticionario y presentó sus pruebas. Entonces y mediante estipulación se permitió a la opositora que compareciera y presentara sus pruebas y el peticionario presentó las suyas en refutación. La corte resolvió que la prueba aducida por el peticionario era insuficiente y dictó sentencia contra él, alegando el promovente en esta apelación que se han cometido varios errores.

El peticionario presentó como prueba una escritura de venta hecha por Leonides Colón, Emilia Colón Delgado y Josefa Colón Delgado. Estas tres personas eran hermanos.

El peticionario, Leonides Colón, y otra persona, prestaron declaraciones tendentes a demostrar que Leonides Colón y sus hermanas habían sido dueños y poseído la finca por un número de años y con anterioridad a ellos su padre. Leonides Colón tenía 48 años de edad y había vivido en la finca durante todo ese tiempo y declaró que su padre había sido dueño de ella antes que él. En virtud de esto, creemos que el peticionario estableció de un modo claro un caso *prima facie*. Además, el peticionario y sus causantes habían estado en posesión de la finca en concepto de dueños por más de treinta años, aun suponiendo que el padre de los vendedores no tenía título con anterioridad a ellos.

Por parte de la opositora hubo un testigo, Federico Juliá, que identificó a las personas pero que no prestó declaración relacionada con la cuestión en litigio.

El testigo principal de la apelada fué su marido, Juan Morales. Este dijo que conocía un predio de terreno de 22.95 cuerdas en el barrio sur de Cidra (la descripción de la finca del peticionario) y que ésta finca pertenecía a su esposa por adjudicación. Afirmó que Leonides Colón se encontraba en la finca como usufructuario y que Leonides Colón convino en quedarse en ella como tal usufructuario pagando los derechos; que no sabía en qué época fué que murió don Cayetano, padre de los Colón; que tampoco sabía en qué época conoció a don Cayetano viviendo en la finca; que su esposa nunca vivió donde estaba don Cayetano; que siempre vió a la familia Colón viviendo en la finca, declarando además en el sentido de que don Cayetano vivió en la finca. Las demás partes de su declaración eran manifestaciones vagas referentes a que un notario había dicho que don Cayetano dijo que doña Concha tenía una finca donde estaba la de Colón, o palabras de igual tenor. Las únicas manifestaciones terminantes de su incoherente narración que guardan relación con la cuestión que se discute eran las de que los Colón se encontraban allí como usufructuarios, y que Leonides Colón había admitido eso. Su esposa no prestó declaración y se-

gún una digresión del testigo en su declaración, probablemente su conocimiento procedía de ella.

Después que había terminado, la apelada ofreció como prueba unas escrituras tendentes a probar que don Cayetano Colón había vendido todos los bienes que tenía en el pueblo de Cidra. Estas escrituras no fueron presentadas con ningún otro fin. La apelada ofreció además en evidencia una escritura extrajudicial de partición otorgada en el año 1860 o hacia esa fecha por el padre de Cayetano Colón llamado José Ramón Colón, que también era abuelo de la opositora Concepción Colón. En cuanto a las escrituras otorgadas por Cayetano Colón, el peticionario se opuso sustancialmente por ser ellas inmateriales e irrelevantes. A la verdad no se probó que incluían a la finca en cuestión y no encontramos en ninguna parte justificación alguna para su admisión. La corte las admitió provisionalmente y la teoría de la apelada era, según parece, que don Cayetano había, por tanto, vendido todos los bienes que poseyó. Esta es una conclusión para la cual se necesitaba mucha más prueba.

Al examinarse la supuesta escritura de partición se vió que no contenía ninguna partición y el peticionario con mucha razón objetó que dicha escritura no contenía partición alguna y que la mejor prueba hubiera sido la partición misma. La apelada ofreció completar la escritura con prueba testifical y la corte admitió la escritura. Esto constituyó error, especialmente por no aparecer que se hubiera cumplido con el ofrecimiento de presentar más prueba testifical.

Entonces Leonides Colón fué a la silla testifical y negó que hubiera tenido jamás la supuesta conversación con el esposo de la apelada; que la apelada nunca hizo reclamación alguna del terreno; que el referido Juan Morales le había dicho que su esposa tenía ciertos terrenos por aquél sitio y el testigo ofreció buscarlos.

El peticionario presentó un caso *prima facie.* La única cosa para impugnarlo fué la manifestación vaga hecha por Juan Morales de que Leonides Colón había admitido haber

sido dueño de la finca como usufructuario. A falta de alguna demostración respecto al origen del título por parte de la apelada esta manifestación claramente era demasiado vaga. Todas las presunciones en cuanto al dominio estaban a fa- vor de los Colón puesto que ellos habían poseído la finca por muchos años. La presunción basada en la posesión y la de- claración de los testigos del peticionario no podía ser des- truída por medio de esta prueba vaga y poco satisfactoria.

La principal teoría de la opositora era que todos los te- rrenos de los cuales fué dueño don Cayetano los adquirió por herencia de su padre y los había vendido. Convenimos con el apelante en que la apelada debió haber demostrado primeramente su derecho antes de que pudiera atacar el tí- tulo del peticionario, lo que no hizo.

La apelada también solicita ahora que se desestime la apelación por no haber sido aprobada por el juez la exposi- ción del caso. Se nos hace difícil entender esta moción. El juez no emplea la palabra ''apruebo,'' pero certifica que fué el juez que conoció del caso a que se refiere la anterior ex- posición del caso y pliego de excepciones, y que éstos con- tienen una copia fiel y exacta de toda la prueba ofrecida por las partes, así como de las excepciones tomadas en la vista. Y que para ser utilizada en la apelación interpuesta la li- braba bajo su firma y sello de la corte. Esta certificación estaba autenticada por el secretario de la corte, y los dos abogados de las partes presentaron una certificación adi- cional.

La sentencia debe ser revocada, devolviéndose el caso a la corte inferior para ulteriores procedimientos que no sean incompatibles con esta opinión.

*Revocada la sentencia y devuelto el caso para*
*ulteriores procedimientos.*

Jueces concurrentes: Sres. Asociados del Toro, Aldrey y Hutchison.

El Juez Presidente Sr. Hernández no intervino en la re- solución de este caso.