Rotger, Recurrente, *v.* El Registrador de Humacao, Recurrido.

Recurso gubernativo interpuesto contra nota del Registrador de la Propiedad de Humacao denegatoria de la inscripción del dominio de parte de finca rústica.

No. 483.—Resuelto en noviembre 19, 1920.

Identidad de Fincas—Expediente de Dominio—Posesión Inscrita.—La identidad entre una finca inscrita y otra cuya inscripción se pretende no se conoce solamente por la identidad de los colindantes; puede deducirse también por otros antecedentes y circunstancias, como ocurre en el presente caso en que admitiendo el recurrente que una parcela de las que integran la finca sita en el barrio "Río," de Naguabo, cuyo dominio se pretende inscribir la adquirió su vendedor Felipe Rivera de Ramón Miranda Barrantes quien la había comprado a la Condesa de Gálvez en 1890 en remate para pago de contribuciones, y resultando de la inscripción que existe en el registro a favor de Felipe Rivera que éste compró 70 cuerdas sitas en el mismo ba-

rrio "Río" a dicha Condesa en el citado año en remate para pago de contribuciones, es preciso concluir que existe identidad entre la finca de 70 cuerdas inscrita y una de las parcelas que componen la finca cuya inscripción de dominio se pretende.

ID.—POSESIÓN INSCRITA—DECLARACIÓN DE DOMINIO.—Inscrita la posesión de una finca a favor de determinada persona no puede inscribirse el dominio que de la misma acredite persona distinta, aún cuando en el expediente aparezca que fué citada la persona que inscribió. a su favor la posesión. Para que pueda inscribirse el dominio en este caso es preciso que la persona a cuyo nombre aparece inscrita la posesión preste su consentimiento expreso para la inscripción del dominio o que sea oída y vencida en el correspondiente juicio.

Los hechos están expresados en la opinión.

Abogado del recurrente: *Sr. F. González.*

El registrador recurrido compareció por escrito.

EL JUEZ ASOCIADO SR. ALDREY, emitió la opinión del Tribunal.

En el Registro de la Propiedad de Humacao se halla inscrita a favor de Felipe Rivera la posesión de una finca de setenta cuerdas de terreno radicadas en el barrio del "Río" del pueblo de Naguabo, que adquirió por compra a Ramón Miranda Barrantes, quien a su vez las compró a la Condesa de Gálvez en el remate público que tuvo lugar en el año 1890 para el pago de las contribuciones debidas por dicha Condesa de una finca de 550 cuerdas.

Posteriormente Antonio Rotger Ríos tramitó ante la Corte de Distrito de Humacao un expediente para acreditar su dominio en una finca de 117½ cuerdas de terreno radicadas también en el barrio del "Río" de Naguabo, que compró a Felipe Rivera en 1905, habiendo éste adquirido parte de ella por compra a la Condesa Gálvez en el año 1895 y la otra parte por compra también a Ramón Miranda Barrantes, quien a su vez la había adquirido en el año 1890 de la Condesa de Gálvez en el remate de sus bienes que tuvo lugar en el año 1890 para el pago de contribuciones.

Aprobado el expediente de dominio y solicitada su inscripción en el Registro de la Propiedad de Humacao la negó el registrador en cuanto a setenta cuerdas, fundándose en que esa porción es la misma que tiene inscrita Felipe Rivera,

dados los antecedentes y circunstancias del caso, y porque si bien en el expediente de dominio fueron citados los anteriores dueños sin que se opusieran, no estima suficiente tal hecho para dejar cancelada, como quedaría por virtud de la inscripción del dominio, la inscripción de posesión vigente en el registro a favor de Felipe Rivera, toda vez que éste y su esposa no han prestado su consentimiento expreso mediante documento auténtico para la cancelación, ni ésta se ha decretado por providencia judicial ejecutoria, según determina el artículo 82 de la Ley Hipotecaria, párrafo primero.

Alega Rotger ante nosotros en el recurso gubernativo que estableció contra esa negativa de inscripción que no hay identidad entre la finca de setenta cuerdas que está inscrita a favor de Rivera y la finca que es objeto de la declaración de dominio porque las colindancias de ambas son completamente distintas; y que, aún, admitiendo que la finca inscrita es parte de las 117½ cuerdas objeto del expediente de dominio, como lo que tiene inscrito Rivera es la posesión, esto no impide que se inscriba el dominio cuando del expediente resulta que fueron citados los anteriores dueños, toda vez que no se trata de privar de su derecho a un tercero que tenga inscrita a su favor esa misma finca. En apoyo de su primera afirmación nos cita las resoluciones de este Tribunal Supremo dictadas en los casos de *Gómez Méndez y Cía.* v. *El Registrador de la Propiedad de Humacao,* 16 D. P. R. 826, y la de *Savino Díaz* contra *el propio registrador,* 26 D. P. R. 435; y para la segunda el caso de *Ginorio* contra *El Registrador de San Juan,* 2 S. P. R. 579.

El registrador recurrido nos presentó alegato sosteniendo su negativa.

No hemos mencionado los colindantes de la finca de setenta cuerdas que tiene inscrita Rivera a su favor y la de 117½ cuerdas objeto del expediente de dominio porque realmente no son las mismas en todo ni en parte, aunque la primera

tiene como colindante por tres rumbos a la Condesa Gálvez, porque nada tiene de extraño la discrepancia de los colindantes de dichas fincas teniendo en cuenta que entre la descripción de las setenta cuerdas hecha en 1890 y la descripción que ahora se hace de la finca de 117½ cuerdas ha transcurrido un período de treinta años, tiempo más que suficiente para que los colindantes de hoy no sean los de entonces.

Pero es que la identidad de las dos fincas no se conoce solamente por los colindantes sino que puede averiguarse por otros antecedentes y circunstancias, como ocurre en este caso, pues admitiendo el recurrente que parte de las fincas cuya inscripción pretende la adquirió su vendedor Rivera de Ramón Miranda Barrantes, quien la compró a la Condesa de Gálvez en 1890 en remate para el pago de contribuciones, y resultando de la inscripción que existe en el registro a favor de Rivera que éste en efecto compró setenta cuerdas a dicha Condesa en el mismo año en remate para el pago de contribuciones, opinamos con el registrador que hay identidad entre la finca inscrita y una de las parcelas que han formado la finca de 117½ cuerdas que ha sido objeto de la declaración de dominio. La historia de esa parcela así lo demuestra. El primer caso citado por el recurrente no tiene aplicación al presente porque la identidad se demostraba por los colindantes. Y el segundo caso más bien le es contrario pues si bien en él había algunas colindancias iguales se tuvo en cuenta además la historia de la finca para declarar la identidad.

Con respecto al segundo fundamento del recurso, siendo idénticas las fincas, como así lo entendemos, y estando inscrita a favor de Felipe Rivera la posesión de una porción de setenta cuerdas de terreno no procede inscribir el expediente de dominio, a pesar de haber sido citado en él el vendedor Rivera, porque, como dijo este tribunal en el caso de *Ginorio* v. *El Registrador, supra*, citado por el recurrente,

"no por eso debe entenderse que puedan ser privados de su derecho los terceros que tengan inscritos a su favor los mismos bienes en el registro de la propiedad, a menos que presten para ello su consentimiento expreso o que sean oídos o vencidos en el correspondiente juicio, como se desprende de los artículos 20 y 82 de la Ley Hipotecaria, de los cuales el primero prescribe que los registradores de la propiedad denegarán la inscripción o anotación de los títulos en que se transfiera o grave el dominio o la posesión de los bienes inmuebles cuando en el registro aparezca inscrito aquel derecho a favor de persona distinta de la que otorgue la transmisión o gravamen; y el segundo, que las inscripciones o anotaciones preventivas hechas en virtud de escritura pública, no se cancelarán sino por providencia ejecutoria contra la cual no se halle pendiente recurso de casación, o por otra escritura o documento auténtico, en el cual exprese su consentimiento para la cancelación la persona a cuyo favor se hubiere hecho la inscripción o anotación, o a sus causahabientes o representantes." En el caso de *Porto Rico Leaf Tobacco Company* v. *El Registrador de Caguas*, 17 D. P. R. 228, se trataba también de inscribir una declaración de dominio estando inscrita la posesión a favor de otra persona cuyos herederos fueron citados en el expediente y confirmamos la negativa de inscripción; caso que ha sido citado con aprobación en los de *Colón* v. *El Registrador de Caguas*, 24 D. P. R. 774; *Toro* v. *El Registrador de Mayagüez*, 25 D. P. R. 476, y *Santiago* v. *El Registrador de Ponce*, 26 D. P. R. 139.

Por las razones expuestas la nota recurrida debe ser confirmada.

*Confirmada la nota recurrida.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, del Toro y Hutchison.