THE NATIONAL CITY BANK OF NEW YORK, peticionario y apelado, EX PARTE; MARÍA TRINIDAD RAMOS y sus hijos, opositores y apelantes.

Núm. 7511.—*Sometido:* Mayo 10, 1938. *Resuelto:* Julio 30, 1938.

*Joaquín Vendrell,* abogado de los apelantes; *F. González Fagundo,* abogado del apelado.

EL JUEZ ASOCIADO SEÑOR TRAVIESO emitió la opinión del tribunal.

En el año 1909 don José Ramírez Muñoz solicitó se declarase a su favor el dominio de una finca rústica. Cumplidas las formalidades legales y ordenada la inscripción solicitada, practicóse ésta en el Registro de la Propiedad de Caguas, al folio 206, Tomo 32 de Caguas, finca núm. 1589, inscripción 1ª., describiéndose la finca así:

"RÚSTICA: Predio de terreno en el barrio 'Bairoa' del Municipio de Caguas, compuesto de media cuerda de terreno, en lindes por el norte con Ramona Alambert; por el sur con Adolfo Flores, Francisco P. Chiqués, Leoncio Velázquez y Plácido González; por el este con Ignacio Piliche y el antiguo camino de los Núñez, y al oeste con la Sucesión de Víctor Fernández."

Con posterioridad a la inscripción del dominio de dicha finca a favor de José Ramírez Muñoz, éste segregó y vendió cinco porciones de terreno, de 400, 167.58, 169.40, 262.68 y 596.75 metros cuadrados, respectivamente. Restando el área total de dichas cinco segregaciones, o sea 1,596.41 metros cuadrados, del área total de la finca principal, o sea de 1,965.20 metros cuadrados, que es el equivalente de media cuerda, quedó reducida la finca principal a 368.79 metros.

Dicha finca principal así reducida fué embargada y vendida en pública subasta para satisfacer una sentencia obtenida por el National City Bank of New York en pleito sobre cobro de dinero contra la Sucesión de José Ramírez Muñoz. En las diligencias de embargo y subasta se hizo constar que la porción de terreno había quedado reducida a 465 metros cuadrados más o menos, con las edificaciones enclavadas en ella. Dicha porción de terreno y sus edificaciones fueron adjudicadas al Banco ejecutante por la suma de $6,000. El registrador inscribió la venta del terreno y denegó la inscripción en cuanto a los edificios por no hallarse éstos inscritos a nombre de los demandados ni de ninguna otra persona.

En 21 de julio de 1932 el National City Bank of New York radicó ante la Corte de Distrito de Humacao una petición en la que alega:

1. Que habiéndose practicado la mensura y deslinde de la finca principal, tal como aparece inscrita, dió una cabida de 3,582.41 metros cuadrados en lugar de 1,965.20 m. c., que es el equivalente de la media cuerda que aparece inscrita, resultando, por tanto, un exceso en su capacidad de 1,617.21 m. c.

2. Que el remanente de la finca principal, descontados los 1,596.41 m. c. de las cinco segregaciones, resulta ser después de la nueva mensura, 1,986 metros cuadrados, dividido en tres porciones de 346, 435 y 1,205 metros cuadrados, respectivamente.

3. Que dichas tres porciones de terreno no colindan entre sí y por tanto no es posible su agrupación, por lo que el Banco peticionario carece de título escrito e inscribible en cuanto a la diferencia de 1,521 metros cuadrados.

El Banco pide que se declare justificado su dominio de 1,521 m. c., que unidos a los 465 m. c. que alega tener ya inscritos, hacen un total de 1,986 metros cuadrados, con sus edificaciones, y que se inscriba dicho dominio a su favor.

Hechas las citaciones de anteriores dueños, fiscal y personas ignoradas, comparecieron los herederos de José Ramírez Muñoz y se opusieron a la petición del Banco, alegando:

1. Que la finca cuyo dominio se trata de justificar se encuentra ya inscrita.

2. Que lo único que embargó el Banco fué lo que quedaba de la finca principal según el Registro, o sea 465 metros cuadrados.

3. Que se pretende justificar el dominio de una finca de 1,617.21 metros cuadrados, dividida en tres porciones con colindancias distintas al resto de la finca principal que se componía de 465 m. c.

4. Que el Banco no tiene ningún título válido y eficaz sobre las tres parcelas; y sólo tiene un supuesto derecho de dominio sobre 465 m. c. que obtuvo en la subasta y no sobre el resto de la finca.

Oída la prueba de una y otra parte, el juez sentenciador planteó así el problema jurídico:

"Toda la cuestión se reduce a resolver si al promovente se le adjudicaron 465 metros cuadrados y las edificaciones que embargó o si se le adjudicó la finca que era de la pertenencia de la Sucn. del Sr. Ramírez Muñoz en la forma como ella era al tiempo del embargo y todas las edificaciones que ella contenía.

"Sólo hay que resolver si la Sucesión del Sr. Ramírez Muñoz puede hacer la petición que hace el promovente, de no haber ocurrido la adjudicación. Todo parece indicar que de haber practicado la Sucn. Ramírez el deslinde hubiese tenido que hacer lo mismo que ahora pretende el promovente. La adjudicación de la finca al promovente llevó consigo el resultado de pasar al promovente todos los derechos que sobre la finca correspondían a la Sucn. y quedó así el promovente con los mismos derechos que tenía la Sucesión. El hecho que esa finca después de las segregaciones que sufriera, apareciera con una extensión limitada de 465 metros cuadrados más o menos, no es suficiente para resolver, que no es la misma finca que le pertenecía a la Sucn. Ramírez porque hay otras circunstancias de que las segregaciones se hacían de una supuesta extensión, que luego por el deslinde resultó ser mayor a la que aparece del Registro. *Rotger* v. *Registrador,* 28 D.P.R. 910.

"En el supuesto que el embargo y subasta y adjudicación se limitaran a la extensión que aparecía del Registro, y que no se incluyó el exceso de cabida de la finca, los opositores no han traído título, y descansan en la misma inscripción del Registro que sirvió para el embargo y adjudicación al promovente, y en esas condiciones no han traído el título para su oposición. *Santos* v. *Colón,* 27 D.P.R. 811."

Y lo resolvió declarando sin lugar la oposición y con lugar la petición de dominio. Los opositores apelaron.

Hemos examinado cuidadosamente el pliego de excepciones y exposición del caso radicado por los apelantes. No aparece de la prueba que exista un solar de 465 metros cuadrados que pueda ser identificado como la propiedad embargada por el márshal y adjudicada al National City Bank. El registro demuestra* que el remanente de la finca es de 368.79 m. c. solamente. De la escritura de venta otorgada por el márshal consta que éste vendió y adjudicó al Banco un predio de terreno compuesto de 465 metros cuadrados, con las siguientes edificaciones: casa núm. 2 de la calle Acosta; casa núm. 6 de la misma calle; casa de maderas en la callejuela del Dr. Goyco. De dicha escritura y del plano de mensura, ofrecido en evidencia, aparece que dichas edificaciones están ubicadas en tres solares distintos y no colindantes entre sí, a saber: la casa núm. 2, en un solar de 346 metros cuadrados; la núm. 6, en un solar de 435 metros cuadrados; y la casa de la calle Goyco en un solar de 1,205 metros cuadrados, en el que existen además un rancho de madera con techo de tejas, otro rancho de madera techado de zinc y una casa de madera destinada a escuela. Las seis edificaciones mencionadas ocupan una extensión superficial que excede de 800 metros cuadrados, lo que constituye prueba evidente de que el remanente de la finca principal no podía ser 465 m. c. como pretenden los apelantes.

■■ No tenemos duda alguna de que lo que el márshal embargó y vendió y el Banco adquirió fué todo el terreno que quedaba a favor de José Ramírez Muñoz, después de deducir las cinco parcelas segregadas, y que estaba comprendido dentro de las colindancias de la finca principal que se hicieron constar en el registro, con sus edificaciones. Mediante la escritura otorgada por el márshal, éste vendió, cedió y trasmitió al Banco todo el derecho, título e interés que José Ramírez Muñoz o sus herederos pudieran tener sobre las tres porciones de terreno cuyo dominio se trata de acreditar, sea cual fuere su extensión superficial. El hecho de que al practicarse una nueva mensura de la finca

original ésta resulte de mayor cabida que la que se hizo constar en el registro no puede en manera alguna afectar el título adquirido por el Banco a virtud de la venta judicial hecha por el márshal. Debemos resolver, por lo tanto, que la oposición de los apelantes carece en absoluto de fundamento legal y que no erró la corte inferior al desestimarla.

Si la información de dominio es o no es el remedio legal adecuado para hacer inscribir el exceso de cabida de una finca ya inscrita en el registro, a título de dominio, no es cuestión que debemos resolver en el presente recurso; pero creemos prudente llamar la atención de la parte promovente hacia los casos de *Mattei* v. *Registrador* y *Pellón* v. *Registrador,* ante, páginas 455 y 526, respectivamente.

Y no teniendo los apelantes título o interés alguno que justifique su intervención en este procedimiento, creemos innecesario discutir los errores que se alegan como base de este recurso.

*La sentencia recurrida debe ser confirmada.*

El Juez Asociado Señor De Jesús no intervino.